ROBERTS, J.
This is an appeal of a final order of the Department of Environmental Protection (DEP). In that order, DEP dismissed as untimely a petition filed by property owner James Hasselback challenging DEP’s issuance of a coastal construction control line permit on an adjacent property. DEP provided written notice of the issuance of the permit to Rick Barnett, another adjacent property owner, and the Oertel Law Firm, which had previously requested notice of any such agency action. The issue before DEP in determining the timeliness of the petition was whether the notice provided to Barnett and the law firm was imputed to Hasselback, thereby rendering the petition untimely. DEP found that the notice was imputed to Hasselback because Barnett was acting as Hasselback’s agent and the law firm was Hasselback’s attorney of record at the time.
DEP’s findings, however, are not supported by competent, substantial evidence in the record. There is no evidence that a principal-agent relationship existed between Hasselback and Barnett at the time of the notice. Barnett’s uncontroverted testimony at the hearing was that he did *638 not inform Hasselback of the permit until three years after the notice. There is also no evidence that an attorney-client relationship existed between Hasselback and the law firm at the time of the notice. Hasselback’s uncontroverted testimony at the hearing was that his attorney-client relationship with the law firm ended a little more than a year before the notice. Although the law firm requested notice of any agency action relating to the adjacent property, that request did not reference Hasselback.
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion. See § 120.68(7)(b), Fla. Stat. (2010) (providing that a reviewing court shall remand a case for further proceedings consistent with the court’s decision or set aside agency action if the agency’s action depends on any finding of fact that is not supported by competent, substantial evidence).
PADOVANO and MARSTILLER, JJ., concur.